1  CHRISTOPHER P. BURKE, ESQ.                    *ECF FILED ON* 10/22/19
   Nevada Bar No.: 004093
2  *atty@cburke.lvcoxmail.com*
   218 S. Maryland Pkwy.
3  Las Vegas, Nevada 89101
   (702) 385-7987
4  Attorney for Defendants

5

6                    **UNITED STATES BANKRUPTCY COURT**
                     **FOR THE DISTRICT OF NEVADA**

7

   In re:                                      Adv. No.: 19-01090-MKN
8
   WILLIE N. MOON,  and
9  ADNETTE M. GUNNELS-MOON                      Case No.: 13-12466-MKN

10               Debtors.                       Chapter 13

11 RUSHMORE LOAN MANAGEMENT
   SERVICES, LLC,
12
                 Plaintiff,
13
                                               **MOTION TO DISMISS**
14 vs.                                         **COMPLAINT**

15
   WILLIE N. MOON,  and
16 ADNETTE M. GUNNELS-MOON
                                               Date:  December 4, 2019
17               Defendants.                   Time:  9:30 a.m.

18

19         Comes Now Defendants, Willie N. Moon and Adnette M. Gunnels-Moon, jointly

20 ("Defendant" or "the Moons"), and hereby file this Motion to Dismiss the Complaint

21 of Plaintiff, Rushmore Loan Management Services, LLC. ("Rushmore").

22                                      **I**

23                                   **Issue**

24         If a party seeks to collaterally attack a courts order, it should be done by motion.

25 Here, Rushmore is improperly attempting to attack an order of this Court by an

26 adversary. Since, Rushmore's proceeding should be brought by motion, instead of an

27 adversary, shouldn't its adversary be dismissed?

28

                                       1

## II

## Facts

1.    The Moons filed a Chapter 13 bankruptcy on March 26, 2013.

2.    On September 25, 2013, the Moons filed a Motion to Avoid Second Deed of Trust of Rushmore on their property located at 3391 Eagle Bend Street, Las Vegas, Nevada 89122 (Dkt.#29) which was then approved by this Court on December 5, 2013 (Dkt. #34).

3.    On April 7, 2014, the Moons Amended Chapter 13 Plan was confirmed (Dkt. # 49)

4.    The Moons were discharged on September 28, 2016 (Dkt. #76).

5.    On January 4, 2019 the Moons filed their Ex Parte Motion to Reopen Chapter 13 case to bring a motion for contempt. (Dkt. #80). The Court granted the Motion to Reopen chapter 13 case that same day (Dkt. #81).

6.    On January 18, 2019 the Moons filed their Motion for Contempt. (Dkt. #84)

7.    On February 8, 2019 Rushmore filed a Response to Debtors Motion for Contempt (Dkt. #90).

8.    On February 13, 2019 the Moons filed their Reply to Rushmore's Response (Dkt.# 91).

9.    Rushmore filed this Adversary on September 4, 2019.

10.    The Court held a two day evidentiary hearing on September 16th and 17th, 2019.

### III

### Argument

**1. The Moons case was reopened for the limited purpose of their contempt motion.**

First, this adversary should be dismissed, because the Moons bankruptcy was only reopened for the limited purpose their motion for contempt, not for another party to file an adversary (Dkt.#81).

**2. Plaintiff's Complaint should be dismissed under FRBP 7012(b) because it fails to state a claim upon which relief can be granted.**

Federal Rules of Bankruptcy Procedure Rule 7012(b) applies Rule 12 of the Federal Rules of Civil Procedures ("FRCP") to adversary proceedings. Pursuant to FRCP 12(b)(6), a court may dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which its rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attached by a Rule12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of further factual enhancement.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S,. At 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "All allegations of material fact are

1  taken as true and construed in the light most favorable to plaintiff. However,
2  conclusory allegations of law and unwarranted inferences are insufficient to defeat a
3  motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d
4  1136, 1140 (9th Cir. 1996); *see Twombly*, 550 U.S. at 555. "Generally, a district court
5  may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6)
6  motion. . ." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.
7  19 (9th Cir. 1990). Here, Rushmore's complaint is filed with conclusory allegations and
8  legal conclusions.

9  Likewise, "documents whose contents are alleged in a Complaint and whose
10 authenticity no party questions, but which are not physically attached to the pleading,
11 may be considered in ruling on a rule 12(b)(6) motion to dismiss" without converting
12 the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14
13 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rules of Evidence 201, a court
14 may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*,
15 798 F.2d 1279, 1282 (9th Cir. 1986). Accordingly, this Court may consider the recorded
16 documents referred to in the Compliant and referred to herein without the Motion to
17 Dismiss being converted into a motion for summary judgment.

**3. There is no adversary cause of action**

18
19 Under Fed.R.Bankr.P. 7001(9) "a proceeding to obtain a declaratory judgment
20 relating to any of the foregoing" other adversary proceedings i.e. 7001 (1) to 7001 (8).
21 Here, Rushmore's complaint does not involve, or cite to, any of these other adversary
22 provisions. In fact, Rushmore's adversary never cites to any rule or statute except Rule
23 7004! Thus, it should be dismissed on this ground.

24 The only cause of action in Rushmore's complaint states it seeks "Violation of
25 Due Process /Declaratory Relief ". However, the gist of its complaint is to collaterally
26 attack a prior order of this Court. In essence, to "strike its order avoiding the second
27 deed of trust" (Adv. p.6, ln.13). As a throw in, it appears Rushmore adds a prayer to
28 "declare Rushmore was never personally served" (Adv. p.6, ln.9). Finally, Rushmore

1  seeks damages, perhaps in an attempt to keep this as an adversary. (Adv. p.6, ln.15-16).

2  Regardless, Rushmore request should be done by *motion*! And its adversary should be

3  dismissed.

### IV

### Conclusion

6      Rushmore's complaint should be dismissed. Its an improper attempt to

7  collaterally attack a prior order of this Court.

9      Dated this 22nd day of October, 2019.

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No.: 004093
218 S. Maryland Pkwy.
Las Vegas, NV 89101
(702) 385-7987

5