CHRISTOPHER P. BURKE, ESQ.            *ECF Filed On*   11/27/19
Nevada Bar No.: 004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Defendants

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Adv. No.: 19-01090-MKN |
| WILLIE N. MOON, and ADNETTE M. GUNNELS-MOON | Case No.: 13-12466-MKN |
| Debtors. | Chapter 13 |
| RUSHMORE LOAN MANAGEMENT SERVICES, LLC, | **REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT AND OPPOSITION TO SUMMARY JUDGMENT** |
| Plaintiff, | |
| vs. | |
| WILLIE N. MOON, and ADNETTE M. GUNNELS-MOON | Date: December 4, 2019 |
| Defendants. | Time: 9:30 a.m. |

COMES NOW, Defendants, Willie N. Moon and Adnette M. Gunnels-Moon, jointly ("the Moons"), in Reply to Rushmore Loan Management Services, LLC ("Rushmore"), Opposition to Motion to Dismiss Complaint and [Opposition to Summary Judgment].

1

# I

# Argument

**A. Moons Motion to Re-open was Limited.**

After the Moons case was re-opened and the their motion for contempt filed, Rushmore, filed a two paragraph response that provided no substantive objection (Dkt. #90). Then, Rushmore also chose not to file a pretrial brief in the evidentiary hearing! Instead, on September 4, 2019, it chose to file an adversary to collaterally attack orders of this court from between three and five years ago. However, Rushmore's adversary is not a proper vehicle for the relief it seeks.

In fact, the Moons motion to reopen was *limited* to their motion for contempt (Bk Dkt.#81, p.2, ln.1-2). It was *not* reopened for any other purpose. Thus, Rushmore's complaint is improper, as it did not even have court permission to file it. Further, Rushmore's opposition to the Moons motion to dismiss its adversary, struggles to create a legitimate cause of action. It does this in a couple of ways. First, by coming up with causes of action that were *never* mentioned in its first complaint. Then, adding *facts* that were not in its initial complaint and attempting to hook these up to its new causes of action. But, as explained below, even engaging in a form of literary gymnastics fails to create a valid complaint for Rushmore.

**B. Rushmore's new causes of action do not save it.**

Rushmore's opposition, now alleges that six provisions of Federal Rule of Bankruptcy Procedure ("FRBP") apply, despite never invoking, stating or addressing any of these in its complaint. These include: FRBP 7001(1), (2), (4), (5), (7) and (9) (Opp., p.9-10). However, a look at each reveals just the opposite.

To start with, Rule 7001(1) applies to a proceeding to recover money or

2

property. However, it is not for third parties to pursue a debtor three years after their discharge for an alleged "property interest" that was avoided five years ago (Opp. p.9, ln.27). Thus, it's a stretch for this section to apply.

Also, Rule 7001(2) does not apply, Rule 7001(2) involves proceedings to "determine the validity, priority or extent of a lien or other interest in property". Here, no one questioned the validity of Rushmore's lien. Instead, the motion to avoid involved the value of its lien. And, as already mentioned, that was already determined by this Court *five* years ago. Besides, since their motion to avoid its lien was filled under Rule 3012, per *In re Zimmer,* 313 F.3d 1220, 1227 (9th Cir. 2002), Section 7001(2) could not apply (see BK Dkt. #29, p.3, ln.19). Instead, it appears that this complaint attempts to undue that motion and order improperly. However, it is not a correct procedure to "strike its order avoiding the second deed of trust-because it is void", by this cause of action and in an adversary setting (Comp. p.6, ln.13-14).

Then, Rushmore cites to Rule 7001(4) in an attempt to "object(s)" (revoke?) to the Moons discharge (Opp. p. 10, ln.19-21). However, despite its complaint never mentioning this, a chapter 13 discharge can only be done within one year of it being entered. 11 USC §1328(e). And only for fraud. Here, the Moons discharge was September 28, 2016. Thus, the clock ran on September 28, 2017. So, this rule would also not apply.

Next, Rushmore looks to Rule 7001(5) to "challenge" the confirmation order (Opp. p.10, ln. 22). However, despite its complaint never mentioning this, a confirmation order can only be revoked within 180 days of being entered. 11 USC §1330(a). Here, since confirmation occurred on April 7, 2014, the last day to revoke that was October 7, 2014. Curiously, Rushmore's opposition later admits "no relief is

3

available under the chapter 13 plan" (Opp. p.10, ln.26). Thus, this cause of action can also be eliminated.

Rushmore adds a Rule 7001(7) claim, which is "a proceeding to obtain an injunction or other equitable relief." However, it fails to state what is being enjoined or any type of equitable relief it seeks. So, again this cause of action fails.

Finally, Rushmore lists Rule 7001(9). This applies, when a declaratory judgment is sought relating to any other Rule 7001 subsection. Since, none of the other subsections apply, Rule 7001(9) can not stand on its own. Besides, none of the above causes are part of its complaint. Instead, it seeks to have this court "strike" various orders (Comp. p.6, ln.5, 7 and 13).

In the end, by asking for leave to amend, Rushmore makes an indirect admission that its complaint is sorely lacking. But, because none of the Rule 7001 subsections were ever invoked in its complaint, either directly or indirectly, there is no reason to allow Rushmore's leave to amend. Therefore, dismissal with prejudice is appropriate.

**C. Opposition to Summary Judgment**

Rushmore included a motion for summary judgment in its opposition. Later on, it sent notice that January 7, 2020 is the time for its summary judgment motion (Dkt #20). The Moons will respond to and oppose that request at the appropriate time. However, and not surprisingly, Rushmore's complaint and opposition avoid mentioning it had *actual* knowledge of the Moons chapter 13 by December 20, 2014. And, if it had bothered to look on PACER, which it admittedly has access to, Rushmore would have had ample time to object to the chapter 13 Trustees Chapter 13 Final Account and Report (Dkt. #64), which was not filed with the Court until eighteen (18)

4

months later. Rushmore could have also objected to the Moons discharge as it had not been entered yet. Instead, Rushmore chose to lay-in-wait, hoping property values would eventually increase.

### III
### Conclusion

Rushmore's adversary should be dismissed. Its complaint has no legitimate cause of action. Thus, it should not be given leave to amend as the adversary is not salvageable.

DATED this 27th day of November 2019.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
218 S. Maryland Parkway
Las Vegas, Nevada 89101

5

**CERTIFICATE OF SERVICE**

I hereby certify that the 27th day of November, 2019, I caused the above and foregoing **REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT AND OPPOSITION TO SUMMARY JUDGMENT** to be sent by electronic notice through the Court's ECF program and or depositing same in the United States Mail, first class, postage prepaid, in a securely sealed envelope and addressed to the last known address of the following:

Akerman LLP
Ariel E. Stern, Esq.
Nevada Bar No. 8276
Natalie L. Winslow, Esq.
Nevada Bar No. 12125
William S. Habdas, Esq.
Nevada Bar No. 13138
1635 Village Center Circle
Suite 200,
Las Vegas, NV 89134
william.habdas@akerman.com
natalie.winslow@akerman.com
ariel.stern@akerman.com
*Attorneys for Rushmore Loan Management Services, LLC*

/S/ Adriana Pelayo
Employee of
Christopher P. Burke, Esq.